UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| SHAWNDA Y. MARTIN KING,<br><br>    Plaintiff,<br><br>v.<br><br>LUBBOCK ISD, et al.,<br><br>    Defendants. | No. 5:24-CV-058-H |

**ORDER ADOPTING FINDINGS, CONCLUSIONS,
AND RECOMMENDATIONS OF THE MAGISTRATE
JUDGE AND OVERRULING THE PLAINTIFF'S OBJECTIONS**

Before the Court are the Findings, Conclusions, and Recommendations (FCR) of United States Magistrate Judge Amanda 'Amy' R. Burch (Dkt. No. 84) and King's objections (Dkt. No. 86). The FCR recommends that the Court deny King's cross-motion for summary judgment (Dkt. No. 60), grant the defendants' motion for summary judgment (Dkt. No. 56), and dismiss this action with prejudice. The Court overrules King's objections to the FCR, accepts and adopts the FCR, and denies King's motion to file a supplemental pleading (Dkt. No. 85).

1.  **Factual and Procedural Background**

    A.  **Factual Background**

    Shawnda King alleges that the Lubbock Independent School District (LISD) and its employees, among other things, demoted and terminated her in violation of state and federal law. Dkt. 1 at 1–2. By her account, King worked for LISD for 20 years, serving in various roles before applying for the position of principal at Talkington School for Young Women Leaders (Talkington) in April 2023. Dkt. No. 61 at 7–9. Texas law requires school principals to obtain a principal certificate by completing the appropriate examinations. Dkt.

No. 84 at 21–22. In compliance with Texas law, the application King submitted for this position asked if she held "a Texas certificate." Dkt. No. 58 at 75. King answered in the affirmative, listing as the certificate type an "Elementary certificate EC-6 (Early Childhood Education [EC-6])." *Id.* (brackets in original). The following month, LISD hired King as the principal of Talkington. Dkt. No. 61 at 9.

Weeks later, LISD learned that King lacked the required principal certificate. Dkt. No. 58 at 62. LISD asked King to resign because her "contract was conditioned upon her providing the certification required for her position" by Texas law. *Id.* at 58. King refused to resign, however, and LISD placed her on paid administrative leave beginning in June 2023. *Id.* Superintendent Kathy Rollo then made a written agreement with King before the LISD Board of Trustees could terminate King's contract. *Id.* at 86. This agreement "extend[ed] King's date for successful completion of her certification requirements" to July 26, 2023 and allowed her to "remain[] on paid administrative leave" pending the results of her certification exam. *Id.* According to the terms of the agreement, "if King obtain[ed] her principal certification, an administrative assignment [would] be made" at Rollo's discretion, with the approval of the Board of Trustees. *Id.* King would have the option to take a classroom teaching position and a commensurate reduction in salary if she failed the exam. *Id.*

After five prior failed attempts, King took the exam—and failed—one day before the July 26 deadline. *Id.* at 59. In accordance with the agreement, LISD reassigned her to an interventionist position at Bean Elementary at a teacher's salary. *Id.* at 60. King reported for this position in early September, though she refused to sign her teacher-term contract. Dkt. No. 57 at 12. A week later, she filed a grievance demanding reinstatement as the

principal of Talkington. Dkt. No. 58 at 58–59. And by mid-September, King applied for and received 12 weeks of unpaid leave under FMLA. *Id.* at 59. After filing a series of grievances and appeals, King was terminated at the end of the 2023–24 school year because LISD could not renew her unsigned teacher-term contract. Dkt. No. 58 at 61.

### B. Procedural Background

In November 2023, King filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that LISD engaged in racial discrimination and retaliation in violation of Title VII. Dkt. No. 1-1 at 10–12. After receiving a right-to-sue letter from the EEOC, King filed this suit in February 2024. Dkt. No. 1. The defendants moved for summary judgment (Dkt. No. 56), and King filed a cross-motion for summary judgment (Dkt. No. 60). The defendants responded. Dkt. No. 64. King then moved for leave to amend her complaint (Dkt. No. 75), which Judge Burch denied (Dkt. No. 82). Judge Burch issued an FCR on the cross-motions for summary judgment on July 18 (Dkt. No. 84), and King moved for leave to file a supplemental pleading later that same day (Dkt. No. 85). King timely filed objections to the FCR. Dkt. No. 86.

## 2. Legal Standards

### A. Review of the Magistrate Judge's Recommendations

A party who seeks to object to any part of a magistrate judge's FCR must file specific written objections within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party timely objects, the court reviews a magistrate judge's FCR regarding a dispositive matter de novo. Fed. R. Civ. P. 72(b)(3). The court may then accept, reject, or modify the recommendations or findings in whole or in part. *See id.* Objections to the FCR must be "specific," such that they "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). "[A]n

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's [FCR] where the disputed determination is found." *Thompson v. Bumpas*, No. 4:22-CV-640, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022).

The district court need not consider "frivolous, conclusive or general objections." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Likewise, a mere disagreement with a recommendation or summary of previously presented arguments cannot trigger de novo review and is thus reviewed for plain error. *Leslie G. v. Kijakazi*, No. 5:21-CV-202, 2023 WL 2536111, at *3 (N.D. Tex. Mar. 16, 2023).

B.  **Motion for Summary Judgment**

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine dispute as to any material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make

a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. If there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250. On cross-motions for summary judgment, the court "review[s] each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Target Constr., Inc. v. Baker Pile Driving & Site Work, LLC*, Civ. Action No. 12–01820, 2013 WL 4721369, at *2 (E.D. La. Sept. 3, 2013) (quoting *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)).

      **C.**    **Motion to File a Supplemental Pleading**

Rule 15 of the Federal Rules of Civil Procedure governs the supplementation and amendment of pleadings in federal court. When a party seeks leave to serve a supplemental pleading, Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Whether to grant a motion to supplement is within the discretion of the district court. *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998). And Rule 15(a)(2) provides, in pertinent part, that "[t]he court should freely give leave [to amend] when justice so requires." But "[w]hile the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide. Rule 15(d) is clear that the court *may* permit a supplemental pleading setting forth changed circumstances." *Villas at Parkside Partners v. City of Farmers Branch*, 577 F. Supp. 2d 880, 882 (N.D. Tex. 2008) (quoting *Burns*, 158 F.3d at 343 (emphasis in original)).

– 5 –

In determining whether to allow a supplementation of pleadings, a court may consider the same factors as when deciding a Rule 15(a) motion to amend pleadings. *DT Apartment Grp., LP v. CWCapital, LLC*, No. 3:12-CV-0437, 2012 WL 4740488, at *2 (N.D. Tex. Oct. 3, 2012) (citing *Chemetron Corp. v. Bus. Funds, Inc.*, 682 F.2d 1149, 1193–94 (5th Cir. 1982)); *Hyde v. Hoffman-La Roche Inc.*, No. 3:04-CV-1473, 2008 WL 2923818, at *3 (N.D. Tex. July 30, 2008) (applying factors when considering supplementation of pleadings under Rule 15(d)). These factors include considerations of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] the futility of amendment." *Schiller v. Phys. Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

3.  Analysis

   A.  The Court overrules King's objections.

The Court overrules King's four objections and adopts the FCR in full. In sum, her objections assert that there are genuine issues of material facts regarding (1) whether the reason given for her termination was pretextual; (2) whether governmental immunity was waived; (3) whether she was paid less than similarly situated LISD employees; and (4) "the [d]efendant[s'] true motivation for termination[,] EPA, [and] IIED." *See* Dkt. No. 86 at 2.

The Court finds none of these objections sufficiently specific to merit de novo review, even when read with the less stringent standards applied to pro se plaintiffs. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Each objection merely combines conclusory allegations, lengthy summaries of legal standards, and restatements of previously presented arguments. The Court has therefore reviewed the objections for plain error. *Edmond v. Collins*, 8 F.3d

290, 293 n.7 (5th Cir. 1993). The Court has also examined the record and reviewed the unobjected-to portions of the FCR for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). Finding none, the Court concludes that King's objections should be overruled and adopts the FCR in full.

More specifically, King's first objection regarding pretextual termination concerns the FCR's findings on the issue of administrative exhaustion. Dkt. No. 86 at 4–7. But Judge Burch ultimately found that the defendants "waived any exhaustion argument," and thus the FCR "consider[s] the allegations in King's complaint, regardless of whether she exhausted them." Dkt. 84 at 17. This objection is thus overruled as moot.

King's second objection concerns the FCR's discussion of governmental immunity as to defendants Rollo, Flores, and Rodriguez. Dkt. No. 86 at 7–8. She attempts to argue that such immunity should not apply because the defendants' actions were unlawful. *Id.* The arguments she offers, however, are conclusory. For example, King argues that "[t]he Defendants' actions were pretextual[] and intentional," the "Defendants were negligent," and "King has established [a] prima facie [case] under [the] EPA." *Id.* at 8. Because she offers nothing more than a conclusory summary of previously presented arguments, the Court reviews the objected-to portion of the FCR for plain error. *Edmond*, 8 F.3d at 293 n.7. Finding none, the Court overrules this objection. For the reasons stated in the FCR, King's state-law tort claims against the individual defendants fail because they are based on conduct within the general scope of their employment. Dkt. No. 84 at 17–18.

King's third and fourth objections do not identify the portions of the FCR to which she objects. *See id.* at 8–12. Instead, King merely reargues her Equal Pay Act claim and IIED claims. *Id.* This is not sufficiently specific to trigger de novo review, *Williams*, 724

F.2d at 511, and thus the Court reviews these objections for plain error. Finding none, the Court overrules these objections. For the reasons stated in the FCR, King fails to make a prima facie case of wage discrimination, and her IIED claim fails as a matter of law. *See* Dkt. No. 84 at 33–35, 56–57.

      **B.**    **The Court denies King's motion for leave to file a supplemental pleading as moot.**

Hours after the FCR issued, King moved for leave to file a supplemental pleading. Dkt. No. 85. King included with this motion a second EEOC right-to-sue letter from May 2025 and a Texas Workforce Commission (TWC) decision from November 2024. *Id.* King failed to include a certificate of conference or a proposed order as required by Local Rule 7.1 of the Local Civil Rules of the Northern District of Texas. *See id.*

First, the Court notes that King has received repeated warnings of her "flagrant disregard of the local rules," Dkt. No. 28 at 3, from two different magistrate judges throughout this litigation.[1] In July 2025, Judge Burch noted that "King's inability or unwillingness to comply with the rules has been a consistent problem in this action, resulting in the unnecessary expenditure of Court and party resources in multiple instances." Dkt. No. 83 at 4. The Court could deny King's motion because of this defect alone.

The Court further notes that on August 25, 2025—five weeks after filing this motion—King filed a new lawsuit before this Court, based on the same May 2025 EEOC

---

[1] Judge Bryant repeatedly admonished King to follow the Local Rules. *See* Dkt. Nos. 24; 28; 35. In July 2024, Judge Bryant issued a final warning to King, advising that her continued disregard of the Local Rules may result in "monetary sanctions or a complete bar to filing documents without leave of Court." Dkt. No. 35 at 3. The following month, the case was referred to Judge Burch by special order. Dkt. No. 38. Undeterred, King violated the local and federal rules numerous times thereafter. *See, e.g.*, Dkt. Nos. 45; 49; 81–83.

right-to-sue letter she seeks to present here, and named LISD as the defendant.[2] *See* 5:25-CV-181-H, Dkt. No. 1. The Court is thus unpersuaded of King's argument that supplementing her pleadings "will save the court and both parties time and resources," Dkt. No. 85 at 2, particularly given that King has already (prematurely) moved for default judgment, and LISD timely filed an answer and a motion to dismiss in that case. 5:25-CV-181-H, Dkt. Nos. 12; 14; 16.

Finally, King entirely fails to explain how the TWC decision in her motion to supplement is "significant to [her] comprehensive complaint of [e]mployment [d]iscrimination." *See* Dkt. No. 85 at 2. Thus, for the reasons stated in Judge Burch's Order Denying Plaintiff's Motion to Amend, Dkt. No. 82, the Court finds no good cause to permit this supplemental pleading. *Hyde*, 2008 WL 2923818, at *3 (applying Rule 15(a) factors when considering supplementation of pleadings under Rule 15(d)). And because Judge Burch's thorough FCR already addressed the claims related to the May 2025 EEOC charge, Dkt. No. 84 at 17, 42–46, the Court denies King's motion as moot.

### C.     King's objections to two nondispositive matters are overruled.

Following her objections to the FCR, King filed three documents (Dkt. Nos. 87–89) variously objecting to Judge Burch's order denying her motion to compel (Dkt. No. 81) and order denying her motion for leave to file an untimely response (Dkt. No. 83). The Court first notes that King's second filing objecting to Judge Burch's order denying her motion to compel (Dkt. No. 89) was filed 15 days after the order and is thus untimely. *See* Fed. R. Civ. P. 72(a). The remaining objections to nondispositive matters are reviewed for clear

---

[2] King lists well over a dozen causes of action in that suit. 5:25-CV-181-H, Dkt. No. 1 at 3. However, that suit and the instant case both arise from the same underlying conduct. *Compare* Dkt. No. 1 *with* 5:25-CV-181-H, Dkt. No. 1.

error. *Id.* Having reviewed King's motions and Judge Burch's orders, the Court cannot conclude that the rulings were erroneous—clearly or otherwise. King's objections are thus overruled.

**4.    Conclusion**

The Court overrules King's objections (Dkt. No. 86) and adopts the FCR (Dkt. No. 84) as the findings of this Court. Thus, the defendants' motion for summary judgment (Dkt. No. 56) is granted, and King's cross-motion for summary judgment (Dkt. No. 60) is denied. Likewise, King's motion for leave to file a supplemental pleading (Dkt. No. 85) is denied. King's claims against the defendants are dismissed with prejudice, and the Clerk of Court is ordered to close this case.

So ordered on September 24, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE